Mr. Perez's strongest argument in this case is the uncertified issue, in which he simply says that the district court erred in dismissing and in holding that his claims were unexhausted, that they were exhausted. Well, Matt, why don't you start with the certified issues. Are you conceding those issues? Well, I'm not conceding those issues, but I'm conceding the fact that they are weaker than the uncertified issue. The uncertified issue is actually the strongest argument he has. I'll discuss them and I'll just. And I'll discuss the cases that you asked us to discuss, Bramble's, Guillory, and Jefferson. If you want to pursue your uncertified issue with the hope that we'll certify it, that's fine. I certainly would. But I hope you do not ignore the certified issues. No, I won't. Those are the issues that the district court felt were. I won't ignore them. I'd like you to discuss the Bramble's case, because I think it precludes your argument that the district court affirmatively misled Perez. Do you agree with that? My position with Bramble's is that it's simply not applicable to this case for two reasons. The most important reason, the legal reason, is that the holding is based on Plyler v. Ford, 542 U.S. 225, 2004. Plyler announced a new procedural rule. That new procedural rule does not apply retroactively to Mr. Perez's case. Mr. Perez presented that argument at length in the briefs, in the opening brief of pages 16 to 17 and in the reply brief of pages 5 to 10. The second difference, of course, is that Mr. Bramble's was pro se. Mr. Perez was not pro se. He was represented by counsel, which I understand makes his position weaker and not stronger. But we have what we have in terms of in terms of the other cases, Guillory and Jefferson, Guillory and Jefferson both address erroneous failure to give the petitioner the option mandated by Rosemey Lundy, the option to either amend or dismiss and go back to state court. In this case, Mr. Perez has, in effect, a hybrid of Jefferson error and Guillory error. He was initially given permission in the magistrate judge's report and recommendation. He was given the option. But then when he tried to put that option into effect and when he filed the amended petition, the court refused to accept it. I mean, you know, when Guillory petitioner waited 27 months before returning to state court and then seven more months before returning to federal court. And here your client waited nearly two years before and then almost eight more months to return to federal court. There's no question. His counsel failed to even come close to exercising due diligence. And for that reason, he's simply not entitled to equitable tolling. I mean, that's the bottom line. Okay. I think an argument can be made, especially if you look at the uncertified issue. But that error, together with the error of refusing to allow the amended petition, you can make an argument. I would make the argument. It's the only argument that I have, really, is that there's statutory tolling. There's clearly not equitable tolling, because the rules of equitable tolling make it clear you have to use diligence. If you don't use diligence, equitable tolling doesn't apply. Counsel, then does it matter whether or not he exhausted his claims? If they're late, then it doesn't matter if he exhausted them, because he's precluded from filing them due to lack of timeliness. No, no, that's not true. It matters because when he filed his original 4254, he was timely. See, at that point in time, he was timely. He was in court timely. He was in compliance with AEDPA. He presented this claim. The magistrate judge erroneously concluded that the claim had not been exhausted, whereas it had been sufficiently exhausted that he should have been allowed to go on and get a hearing on the merits. That was in error of substantive law. Now, my position is that that qualifies, in effect, as a government-created impediment under 28 U.S.C. Section 2244d1b. And if you buy that argument, that was a government-created impediment that was never removed. And because it was never removed, the statute never began to run. Now, to be honest, that's the only argument Mr. Perez has. He doesn't have an equitable tolling argument. I think that it's the argument has validity, and it can be attached to both of the errors. Okay, counsel, what were the claims on your exhaustion argument? What were the claims that were advocated in the state court vis-a-vis the claims that were presented in the Federal petition? He said in his Federal position that his Fifth and Sixth Amendment rights were violated by jury instructions, which relieved the prosecution of his burden of proof. The magistrate judge's report – Okay, stop. What were the claims in state court? Okay, I'll read you the heading for Section 3 of his argument in his petition for review before the California Supreme Court. The standard chaotic instructions on murder are grossly deficient in cases involving heat of passion, sudden quarrel, or imperfect self-defense, in that they fail to inform the jury of an additional factual predicate to the crime of murder in those cases, a predicate as crucial to the crime of murder as the elements listed in those murder instructions, that the jury find beyond a reasonable doubt the absence of heat of passion, sudden quarrel, or the unreasonable belief in the need to defend. That's in the excerpts of ER 82. No Fifth Amendment assertion, no Sixth Amendment assertion. He did make those. Where? Hmm? Where? Okay. In Section 3 of the argument – What page of the excerpts of the record? ER 85. ER 85. He says – and this is his argument to the California Supreme Court – Okay. Due process requires that the prosecution prove beyond a reasonable doubt every fact necessary to constitute the crime charged. Mulaney v. Wilbur, 1975, 42NUS 684-685. Specifically, due process requires the prosecution to prove beyond a reasonable doubt the absence of the heat of passion on sudden provocation when the issue is properly instructed in a homicide case. Then he gets into the Sixth Amendment, and he says – Instructional error which relieves the people of their burden of proving every element of the offense beyond a reasonable doubt violates due process, subverts the presumption of innocence, and invades the task of the jury. And he cites Corrella v. California, 1989, 491US263-265. And he's clearly implicating the Sixth Amendment right to jury trial there, both in his statement and in his citation to Corrella. So he put that in. Sure, could he have put it in clearer? Yes. But did he put it in sufficiently so that he should not have been thrown out of district court? Yes. And on that basis, I'm making the argument that statutory tolling should apply. It's the only kind of tolling that could apply. All right. Thank you, counsel. Why don't we hear from opposing counsel, and we'll give you a minute for rebuttal. Thank you. Good morning, Your Honor. Larry Daniels for the warden, Deputy Attorney General. Counsel, since opposing counsel concedes there is no equitable tolling, I think our time might best be spent talking solely about statutory tolling. If you agree, that would be helpful to me. Your Honor, his statutory argument relates to his uncertified issue. I hate to be a downer, but respectfully request that if this Court wants to – We didn't brief it. We didn't brief it. We really don't have a position on it yet because under FRAP 22-1F, it was uncertified by this Court. Good answer. Thank you, Your Honor. Basically, we agree with Petitioner's concession that equitable tolling does not apply, and I believe there's no further questions. I'll submit. All right. Thank you. Thank you, Your Honor. One minute for rebuttal. I would simply request that at this late date, it's still not too late, to order Appellee to brief the uncertified issue. We'll consider that. Thank you. Thank you. The case just argued is submitted for decision by the Court. The Court will inform the parties if additional briefing is necessary. Please do not submit unsolicited briefs.
judges: D.W. Nelson, Rawlinson, Bea